Damian Demarcus **WILLIS, Appellant,**

v.

**The STATE of Texas.**

No. 1704–01.

Court of Criminal Appeals of Texas.

Nov. 19, 2003.

Charles Hinton, Houston, for Appellant.

Bridget Holloway, Asst. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

### OPINION

HOLCOMB, J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

This case presents the question of whether a waiver of the right to appeal contained in printed plea documents trumps the trial court's permission to appeal on issues raised by motions filed before trial. We hold it does not.

Appellant was charged with possession of a controlled substance with intent to deliver, enhanced with two prior felonies. Appellant filed a motion to suppress challenging the legality of the search and arrest. On August 7, 2000, after a contested hearing, the court denied his motion to suppress. Appellant then pled guilty pursuant to a plea bargain and was sentenced to twenty-five years in prison.[1]

The Appellant waived the presence of a court reporter during the plea proceedings. Thus, there is no record of the oral discussions, if any, that took place at that time relating to appellant's intent to appeal. However, there are numerous documents contained in the clerk's record that address this intent.

---

1. The court of appeals' opinion incorrectly states that appellant was sentenced to three days in jail and a $1,000 fine. *Willis v. State,* No. 01–00–01087–CR, 2001 WL 783753, 2001 Tex.App. LEXIS 4653 (Tex.App.-Houston [1st Dist.] July 12, 2001). The judgment in the clerk's record clearly states that the punishment imposed was twenty five years in the Institutional Division and that no fine was assessed.

According to the clerk's record, five documents were executed on August 7, 2000:(1) an order denying appellant's motion to suppress; (2) a plea of guilty; (3) admonishments, statements and waivers of defendant; (4) judgment and sentence; and (5) an agreed setting. The order denying the appellant's motion to suppress was signed by the same presiding judge who on the same day signed the guilty plea, the admonishments, and the judgment.

The two page plea-of-guilty document is a standardized, printed document tracking the language of the indictment and including additional pre-printed statements with the date and sentence recommendation handwritten on pre-printed lines. According to the pre-printed statements, appellant understands the allegations and confesses that they are true and were committed on the date filled in the blank, waives his right to a jury trial as well as his confrontation and self-incrimination rights, consents to the oral and written stipulation of evidence, agrees that the defense attorney has properly represented appellant and has fully discussed the case with him, intends to enter a plea of guilty, agrees with the sentence recommendation filled in the blank, waives any further time to prepare for trial, and further waives *"any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor."* (Emphasis added). This page is signed by appellant, appellant's attorney, the prosecutor, and the presiding judge.

The admonishments, statements and waivers of defendant are also contained in a standard pre-printed document spanning six pages. It is broken down into paragraphs, each preceded by a blank line provided to obtain the defendant's initials. The provisions which did not pertain to appellant were crossed out. One of the admonishments initialed by appellant reads: "If the punishment assessed by the Court does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, *the Court must give its permission to you before you may prosecute an appeal on any matter in this case except for those matters raised by you by written motion filed prior to trial[.]"* (emphasis added). The statements and waivers of defendant include each of the statements and waivers contained in the plea-of-guilty document with the exception of the agreement to the specific sentence recommendation and the waiver of any right to appeal. The last page of this document was signed by appellant, appellant's attorney, the prosecutor, and the presiding judge, all of whom appear to be the same as signed the plea.

The agreed setting form, executed on the same date as the plea-of-guilty document, the admonishments, and the judgment, purportedly reset the case for a "disp" setting on August 21, 2000. It also contained a handwritten comment "check atty on appeal of MSEH[,]" apparently referring to the hearing on the motion to suppress evidence. This setting form was signed by a prosecutor and a judge other than the ones who had signed the plea form, the admonishments, and the judgment, although all the papers bore the same date.

The clerk's record further shows that on August 22, 2000, appellant filed a written notice of appeal. In addition to the standard preprinted written notice of appeal form, two notations were added by hand. The first states the substance of the appeal was raised by written motion and ruled on before trial. The second notation, printed directly above the judge's signature, stated: "The trial court grants permission to appeal." The notice was signed by the

presiding judge, a different judge than either of those who signed the August 7 documents. The same presiding judge then signed an order appointing appellate counsel.

On appeal to the First Court of Appeals, appellant raised two issues regarding the trial court's action overruling his motion to suppress. The State contested only these issues; the State did not assert any claim that the right of appeal had been voluntarily waived. In an unpublished opinion, the court of appeals dismissed the appeal for lack of jurisdiction, making no mention of the permission to appeal granted by the trial court. *See Willis v. State*, No. 01–00–01087–CR, 2001 WL 783753, 2001 Tex.App. LEXIS 4653 (Tex.App.-Houston [1st Dist.] July 12, 2001). Appellant did not file a motion for rehearing.

We granted discretionary review on the following question:

> Whether the court of appeals erred in finding appellant's waiver of the right of appeal precluded review of the appeal by the court of appeals.

Appellant contends that the trial court's consent to appeal as contained in his written notice of appeal given pursuant to Texas Rule of Appellate Procedure 25.2(b)(3) [2] trumps any boiler-plate waiver of the right of appeal contained in the standardized plea papers. Further he argues that the agreed setting form indicates that all parties were aware he intended to appeal. He submits that the reasoning contained in

*Alzarka v. State*, 90 S.W.3d 321 (Tex.Crim. App.2002), controls in his case. In *Alzarka* we said:

> In this case, the trial court consented on the record to an appeal by appellant, and the state's brief before the court of appeals admitted that the trial court gave appellant permission to appeal. During the proceedings, there were multiple discussions about an agreement for appellant to appeal and that the trial court would "let [appellant] preserve it for appeal. . . ." These discussions occurred on same day of the plea proceeding and reaffirmed that appellant was indeed permitted to appeal.

> We conclude that the record, in which the trial judge, the district attorney, and appellant's attorney repeatedly made statements agreeing that appellant would be permitted to appeal, directly contradicts and rebuts any presumption raised by the terms of the boiler-plate plea form signed by appellant and reflects that appellant did not waive appeal. *Alzarka*, 90 S.W.3d at 324.

The State, while acknowledging the court of appeals did not have the benefit of *Alzarka* at the time it dismissed Appellant's appeal,[3] contends that *Alzarka* is distinguishable and thus, should not control. The State points out that in *Alzarka*, the trial court's permission was on the record at the time the defendant entered her plea, whereas in this case appellant received permission to appeal fifteen days

**2.** Texas Rule of Appellate Procedure 25.2(b)(3) states:

(3) But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

**3.** The First Court of Appeals has now recognized the holding in *Alzarka*. *See Galliford v. State*, 101 S.W.3d 600 (Tex.App.-Houston [1st Dist.] 2003).

after he entered his plea and from a judge other than the one who had accepted the plea. The State argues that the record in this case does not rebut the presumption that he initially intended to and did waive his right of appeal. We do not agree.

The record shows that appellant intended to appeal the trial court's denial of the motion to suppress, as evidenced by the notation on the reset form, that all parties to the plea bargain agreement were aware of that intent, as further evidenced by the fact that the State failed to assert waiver in the court of appeals, and that the trial court expressly and in writing granted permission for appellant to appeal regardless of the fact that the preprinted plea papers contained a waiver of appeal, as evidenced by the notation on the notice of appeal.

The record demonstrates that the failure to cross out the language waiving appeal in the plea forms was an oversight. The absence of a court reporter's record of the oral discussion of appeal, similar to the one that existed in *Alzarka*, should not alter this conclusion, as the conclusion is based on the documents that are present in the record of this case.

We have recently held that an appellant who has executed a waiver of appeal in a non-negotiated plea could not appeal without securing permission of the trial court. *Monreal v. State,* 99 S.W.3d 615 (Tex. Crim.App.2003). Implicit in this opinion is the determination that the trial court is in a better position to determine whether the previously executed waiver of appeal was in fact validly executed and if there is any arguable merit in appellant's desire to appeal. Additionally, in *Monreal* we expressed continued recognition of the trial court's authority to allow a defendant to appeal despite a valid waiver of appeal. *Monreal,* 99 S.W.3d at 622.

We now hold that the trial court's subsequent handwritten permission to appeal controls over a defendant's previous waiver of the right to appeal, allowing the defendant to appeal despite the boilerplate waiver.

Appellant's ground for review is sustained and his cause remanded to the court of appeals for consideration on its merits.

KELLER, P.J., filed a dissenting opinion in which MEYERS, J., joined.

KELLER, P.J., filed a dissenting opinion in which MEYERS, J., joined.

Whether a defendant has permission to appeal is an issue distinct from whether he has waived appeal. Under the appellate rules in effect at the time appellant's notice of appeal was filed, a plea bargaining defendant was permitted to appeal in only three situations: (1) when the appeal was for a jurisdictional defect, (2) when the appeal was of a matter raised by written motion and ruled on before trial, and (3) when the trial court granted permission to appeal.[1] So, under some circumstances, permission to appeal would be a precondition for allowing such an appeal by a plea-bargaining defendant. By contrast, a waiver of appeal can occur whether or not there is a plea agreement.[2] So waiver of appeal is different from permission to appeal, which applies only to bargained pleas.

Moreover, when there is a plea agreement and waiver of appeal is part of that agreement, the State has an independent right to hold the defendant to the bargain, regardless of whether the trial court

---

1. *See* TEX. R. APP. P. 25.2(b)(3) (West 2002).

2. *See Monreal v. State,* 99 S.W.3d 615 (Tex. Crim.App.2003).

grants permission to appeal.[3] While the trial court was not required to follow the plea agreement,[4] in this case it did. Even though the "permission to appeal" obstacle has been removed, appeal should still be barred by the defendant's valid waiver.

If the "waiver of appeal" language was an oversight and does not reflect the intent of the parties, the defendant can show that on habeas corpus.[5] There is nothing in the appellate record to support such a claim, however, and we should not presume the existence of such an oversight from the mere fact that a judge granted "permission" to appeal—especially when the judge in question was not the judge at the plea proceedings.

3. *Blanco v. State,* 18 S.W.3d 218 (Tex.Crim. App.2000).

4. TEX. CODE CRIM. PROC., Art. 26.13(a)(2).

5. *See* TEX. CODE CRIM. PROC., Art. 11.07.