Affirmed and Memorandum Opinion filed July 28, 2005









Affirmed and Memorandum Opinion filed July 28, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00039-CR

NO. 14-04-00040-CR

_______________

 

LINDA COOK LAMB, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________

 

On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause Nos. 21,443 &
21,444

______________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Linda
Lamb appeals her convictions for aggravated robbery and aggravated assault[1]
on the grounds that: (1) her guilty plea was involuntary; and (2) she was
denied effective assistance of counsel. 
We affirm.








Although
appellant=s plea papers contain a waiver of all
of her rights to appeal, the trial court entered a certification (the Acertification@) giving her permission to appeal Aregarding competency, sanity, and
mitigation of punishment due to mental and psychological, and etc. issues, if
any.@ 
Appellant then filed a notice of appeal stating that it was Abased on the Court=s permission to appeal the issues
relating to ineffective assistance of counsel relating to her mental health as
raised in her Motion for New Trial, and as may be evident from the record.@

Because
appellant=s first issue, challenging the
voluntariness of her plea, is not within the scope of the issues the trial
court gave her permission to appeal,[2]
any appeal of that issue was waived by appellant=s written waiver of her right to
appeal.[3]  Therefore, we are without jurisdiction to
address that issue, and it is dismissed.

Moving
to appellant=s second issue, it is unclear whether
her claim of ineffective assistance is within the meaning of the language of
the certification describing the issues for which permission to appeal was
given.  Therefore, in an abundance of
caution, we will address that issue.  It
contends that appellant=s trial counsel was ineffective in failing to investigate and
present expert testimony to seek mitigation of punishment based on: (1)
appellant=s temporary insanity by reason of
voluntary intoxication[4]
(being high on cocaine); and (2) appellant=s bipolar disorder and failure to
take her medications combining to diminish her mental capacity at the time of
the offense.[5]








To
prevail on a claim of ineffective assistance of counsel, appellant must show
that: (1) counsel=s performance was below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for this
deficient performance, the result of the proceeding would have been
different.  Wiggins v. Smith, 123
S. Ct. 2527, 2535, 2542 (2003). Although strategic decisions made by counsel
after thorough investigation are unchallengeable, strategic decisions made
after less than complete investigation are reasonable only to the extent that
the known evidence would not have led a reasonable attorney to investigate
further.  Id. at 2535, 2538.  Prejudice is shown where the totality of
mitigating evidence (including that which the incomplete investigation did not
reveal), when weighed against the evidence in aggravation of punishment, shows
a reasonable probability that a different sentence would have resulted if the
additional mitigating evidence had been presented.  Id. at 2542-43.

In
this case, the pre-sentence investigation report (APSI@) clearly reflects appellant=s lengthy history of psychological
problems and substance abuse, including her admission that, on the day of the
offense, she had smoked about $100 worth of crack cocaine and needed money to
purchase more crack.  The likelihood that
these conditions contributed negatively to appellant=s mental state in committing the
offense is quite apparent from the record. 
In addition to the foregoing factors, the PSI reflects a 15-year
criminal history and an ongoing failure by appellant to effectively manage her
mental health and substance abuse problems.

The
trial court refrained from imposing the maximum punishment of life
imprisonment, sentencing appellant to 30 years confinement for which she will
be eligible for parole after serving 15 years. 
At the motion for new trial hearing, appellant=s expert testimony added little
besides the further effect of appellant=s failure to take medication. Despite
hearing this testimony, the trial court did not see fit to even reconsider, let
alone change, the punishment it had originally imposed.








Based
on the totality of these circumstances, we find no basis to conclude either
that: (1) any decision by defense counsel not to investigate using expert
assistance for mitigation of punishment was unreasonable; or (2) there is a
reasonable probability that a different sentencing decision would have resulted
if the expert testimony had been presented at the punishment phase of
trial.  Accordingly, appellant=s second issue is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed July 28, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Appellant
pled guilty to both offenses, and the trial court imposed concurrent sentences
of 30 years imprisonment for each offense.





[2]           In
addition, page 17 of appellant=s brief expressly acknowledges that AAppellant is not challenging the validity of her
guilty plea on grounds of competence or sanity at the time of the offense.@





[3]           See
Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) (noting that an
appellant who has executed a waiver of appeal in a non-negotiated guilty plea
cannot appeal without permission of the trial court; and, conversely, that a
trial court=s permission to appeal overrides a waiver of appeal).





[4]           See
Tex. Pen. Code Ann. ' 8.04(b) (Vernon 2003) (AEvidence
of temporary insanity caused by intoxication may be introduced by the actor in
mitigation of the penalty attached to the offense for which he is being tried.@).





[5]           See
Ake v. Okla., 470 U.S. 68 (1985) (holding that, where a defendant
demonstrates to the trial court that his sanity at the time of the
offense is to be a significant factor at trial, the State must assure the
defendant access to a competent psychiatrist to assist in the defense).