MEMORANDUM OPINION


No. 04-05-00541-CR
 
Kenneth COUCH,
Appellant

v.

The STATE of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CR-4482
Honorable Pat Priest, Judge Presiding




PER CURIAM
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   November 9, 2005

DISMISSED
            Kenneth Couch pleaded nolo contendere to possession of a controlled substance, cocaine,
in an amount less than one gram pursuant to a plea bargain agreement. As part of his plea-bargain,
Couch signed a separate “Waiver of Appeal” that states:
I understand that upon my plea of guilty or nolo contendere, where the
punishment does not exceed that recommended by the prosecutor and agreed to by
me, my right to appeal will be limited to only: (1) those matters that were raised by
written motion filed and ruled on before trial, or (2) other matters on which the trial
court gives me permission to appeal. I understand that I have this limited right to
appeal. However, as part of my plea bargain agreement in this case, I knowingly and
voluntarily waive my right to appeal under (1) and (2) in exchange for the
prosecutor’s recommendation, provided that the punishment assessed by the court
does not exceed our agreement.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating
that this “is a plea-bargain case, and the defendant has NO right of appeal” and “the defendant has
waived the right of appeal.” See Tex. R. App. P. 25.2(a)(2). Couch timely filed a notice of appeal.
The clerk’s record, which includes the trial court’s Rule 25.2(a)(2) certification, has been filed. See
Tex. R. App. P. 25.2(d).
            The clerk’s record, which contains a written plea bargain agreement, establishes the
punishment assessed by the court does not exceed the punishment recommended by the prosecutor
and agreed to by the defendant. Ordinarily, “[i]n a plea bargain case ... a defendant may appeal only:
(A) those matters that were raised by written motion filed and ruled on before trial, or (B) after
getting the trial court’s permission to appeal.” Tex. R. App. P. 25.2(a)(2). However, a defendant may
waive this limited right to appeal. See Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003).
When a valid waiver of appeal has been executed, a defendant may appeal only if the trial court later
gives its express permission. Id.; Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The
clerk’s record does not indicate the trial court gave Couch permission to appeal.


 The trial court’s
certification therefore appears to accurately reflect that this is a plea bargain case, Couch does not
have a right to appeal, and Couch waived any limited right to appeal. This court must dismiss an
appeal “if a certification that shows the defendant has the right of appeal has not been made part of
the record.” Tex. R. App. P. 25.2(d).
            On September 14, 2005, we gave Couch notice that the appeal would be dismissed unless
written permission to appeal and an amended certification showing Couch has the right to appeal
were made part of the appellate record by October 14, 2005. See Tex. R. App. P. 25.2(d); 37.1;
Daniels v. State, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. filed) (not designated for publication). Neither
written permission to appeal nor an amended certification showing Couch has the right to appeal has
been filed. Therefore, the appeal is dismissed. Tex. R. App. P. 25.2(d).
 
                                                                                    PER CURIAM
Do not publish