MEMORANDUM OPINION

No. 04-06-00084-CR

Eddie AGUILAR,

Appellant

v.

The STATE of Texas,

Appellee

From the 290th Judicial District Court, Bexar County, Texas

Trial Court No. 2004-CR-8600

Honorable Sharon MacRae, Judge Presiding


PER CURIAM



Sitting: Sarah B. Duncan , Justice

 Karen Angelini , Justice

 Sandee Bryan Marion , Justice

Delivered and Filed: May 31, 2006

DISMISSED

 Eddie Aguilar pleaded nolo contendere to aggravated assault with a deadly weapon as a repeat offender pursuant to a plea
bargain agreement. The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the
defendant has NO right of appeal" and "the defendant has waived the right of appeal." See Tex. R. App. P. 25.2(a)(2). After
Aguilar timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to this court.See Tex. R.
App. P. 25.2(e). The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2)
certification, has been filed. See Tex. R. App. P. 25.2(d). 

 The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the
prosecutor and agreed to by the defendant. Ordinarily, "[i]n a plea bargain case ... a defendant may appeal only: (A) those
matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to
appeal." Tex. R. App. P. 25.2(a)(2). However, as part of his plea bargain, Aguilar signed a waiver of this limited right of
appeal. See Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003). He therefore may not appeal without the consent
of the trial court. See Monreal v. State, 99 S.W.3d 615 (Tex. Crim. App. 2003). The clerk's record does not indicate the trial
court gave Aguilar permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a
plea bargain case and Aguilar does not have a right to appeal. This court must dismiss an appeal "if a certification that
shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d). 

 On March 29, 2006, we gave Aguilar notice that the appeal would be dismissed unless written consent to appeal and an
amended certification showing he has the right to appeal were made part of the appellate record by May 1, 2006. See Tex.
R. App. P. 25.2(d); 37.1; Daniels v. State, 110 S.W.3d 174 (Tex. App.-San Antonio 2003, order), disp. on merits, No.
04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission
to appeal nor an amended certification showing Aguilar has the right to appeal has been filed. We therefore dismiss this
appeal. Tex. R. App. P. 25.2(d).

 PER CURIAM

Do not publish