Opinion issued May 10, 2007 












In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00046-CR

____________


NICHOLAS COY CAMPOS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court 

 Harris County, Texas

Trial Court Cause No. 1043985






MEMORANDUM OPINION

 Appellant, Nicholas Coy Campos, pleaded guilty to the third degree felony
offense of assault of a family member as a second offender. In accordance with his
plea bargain agreement with the State, the trial court deferred adjudication of guilt,
placed appellant on community supervision for five years, and assessed a fine of
$500. 

 The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded true. Along with his plea of true, appellant, appellant's counsel, and the
prosecutor signed a document styled stipulation of evidence that included a judicial
confession, waiver of constitutional rights, and waiver of appeal. The stipulation
included among others, the following statements: 

 I judicially confess that it is true that I violated the terms
and conditions of my probation and that the allegations in
the attached State's motion are true.

 

 I intend to enter a plea of true to the State's motion. 

 

 I understand that the prosecutor will recommend that I be
adjudicated guilty in this cause and my punishment should
be set at two years Texas Department of Criminal Justice
and I agree to that recommendation.

 

 As part of my agreement with the prosecutor to plead true,
I agree to waive any right to appeal I may have concerning
any issue or claim in this case, including my plea of true or
admission of guilt.


 Appellant wrote his initials beside each of the statements. After a hearing, the
trial court found true the State's allegation that appellant had violated the conditions
of his community supervision. The trial court then found appellant guilty and
sentenced him to confinement for two years and six months. Despite having waived
the right to appeal, appellant filed a pro se notice of appeal. There is nothing in the
record indicating that appellant's waiver of his right to appeal was not voluntarily,
knowingly, and intelligently made. There is also nothing indicating that the trial
court gave its consent for an appeal. In fact, the trial court's judgment is stamped,
"Appeal waived. No permission to appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Willis v. State, 121 S.W.3d 400, 403 (Tex.
Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). 
The record indicates that appellant's waiver of his right to appeal was voluntarily,
knowingly, and intelligently made. 

 Because the record in this case reflects that appellant's waiver of the right to
appeal was valid and that the trial court did not consent to an appeal, we dismiss the
appeal.

 We further dismiss all pending motions as moot.PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).