Opinion issued May 10, 2007 









 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00081-CR

____________


EFREN GARCIA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court 

 Harris County, Texas

Trial Court Cause No. 912015






MEMORANDUM OPINION

 Appellant, Efren Garcia, pleaded guilty to the third degree felony offense of
possession of a controlled substance, heroin. In accordance with his plea bargain
agreement with the State, the trial court deferred adjudication of guilt, placed
appellant on community supervision for four years, and assessed a fine of $300. The
State subsequently filed a motion to adjudicate guilt to which appellant pleaded true. 
 Contemporaneously with his plea of true, appellant, appellant's counsel, and
the prosecutor signed a document styled stipulation of evidence that included a
judicial confession, waiver of constitutional rights, and waiver of appeal. The
stipulation included among others, the following statements: 

 I judicially confess that it is true that I violated the terms
and conditions of my probation and that the allegations in
the attached State's motion are true.

 

 I intend to enter a plea of true to the State's motion. 

 

 I understand that the prosecutor will recommend that I be
adjudicated guilty in this cause and my punishment should
be set at three years Texas Department of Criminal Justice
and fine of $300 and I agree to that recommendation.

 

 As part of my agreement with the prosecutor to plead true,
I agree to waive any right to appeal I may have concerning
any issue or claim in this case, including my plea of true or
admission of guilt.


 Appellant wrote his initials beside each of the statements. After a hearing, the
trial court found to be true the State's allegation that appellant had violated the
conditions of his community supervision, and found appellant guilty of the original
charge. The trial court sentenced him to confinement for three years and assessed
a fine of $300. Despite having waived the right to appeal, appellant filed a pro se
notice of appeal. 

 There is nothing in the record indicating that appellant's waiver of his right to
appeal was not voluntarily, knowingly, and intelligently made. There is also nothing
indicating that the trial court gave his consent for an appeal. In fact, the contrary is
true. The trial court's judgment is stamped, "Appeal waived. No permission to
appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Willis v. State, 121 S.W.3d 400, 403 (Tex.
Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). 
The record indicates that appellant's waiver of his right to appeal was voluntarily,
knowingly, and intelligently made. 

 Because the record in this case reflects that appellant's waiver of the right to
appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed.

 All pending motions are denied as moot.PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).