Opinion issued June 28, 2007




 


 








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-7-00418-CR

____________


JUAN CARLOS LOPEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

 Harris County, Texas

Trial Court Cause No. 977491






MEMORANDUM OPINION

 Appellant, Juan Carlos Lopez, pleaded guilty to the felony offense of theft, and
in accordance with his plea bargain agreement with the State, the trial court deferred
adjudication of guilt, placed appellant on community supervision for five years, and
assessed a fine of $500. 

 The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded true. Contemporaneously with his plea of true, appellant, appellant's
counsel, and the State signed a document styled stipulation of evidence that included
a judicial confession, waiver of constitutional rights, and waiver of appeal. The
stipulation included among others, the following statements: 


 I judicially confess that it is true that I violated the terms
and conditions of my probation and that the allegations in
the attached State's motion are true.

 

 I intend to enter a plea of true to the State's motion. 

 

 I understand that the prosecutor will recommend that I be
adjudicated guilty in this cause and my punishment should
be set at 10 months state jail and a fine of $500 and I agree
to that recommendation.

 

 As part of my agreement with the prosecutor to plead true,
I agree to waive any right to appeal I may have concerning
any issue or claim in this case, including my plea of true or
admission of guilt.


 Appellant, Juan Carlos Lopez, wrote his initials beside each of the statements. 
After a hearing, the trial court found to be true the State's allegation that appellant
had violated the conditions of his community supervision, and found appellant guilty
of the original charge. The trial court sentenced him to confinement for 10 months
and assessed a fine of $500. Despite having waived the right to appeal, appellant
filed a pro se notice of appeal. 

 There is nothing in the record indicating that appellant's waiver of his right to
appeal was not voluntarily, knowingly, and intelligently made. There is also nothing
indicating that the trial court gave his consent for an appeal. In fact, the contrary is
true. The trial court's judgment is stamped, "Appeal waived. No permission to
appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Willis v. State, 121 S.W.3d 400, 403 (Tex.
Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). 
The record indicates that appellant's waiver of his right to appeal was voluntarily,
knowingly, and intelligently made. 

 Because the record in this case reflects that appellant's waiver of the right to
appeal was valid and that the trial court did not consent to an appeal, we order the
appeal dismissed.

 All pending motions are denied as moot.PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).