Opinion issued July 6, 2007 

 




 


 



 





In The

Court of Appeals

For The

First District of Texas

___________


NOS. 01-07-00511-CR

 01-07-00512-CR

____________


CHRISTOPHER HERNANDEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court 

 Harris County, Texas

Trial Court Cause No. 1105490






MEMORANDUM OPINION

 Appellant, Christopher Hernandez, pleaded guilty to the offenses of evading
arrest with a motor vehicle and aggravated assualt of a family member. In accordance
with his plea bargain agreements with the State, the trial court deferred adjudication
of guilt in each case and placed appellant on community supervision for three years.

 The State subsequently filed motions to adjudicate guilt in each case to which
appellant pleaded true. Contemporaneously with his pleas of true, appellant,
appellant's counsel, and the prosecutor signed a document in each case styled
"stipulation of evidence" that included a judicial confession, waiver of constitutional
rights, and waiver of appeal. The stipulation included among others, the following
statements: 

 I judicially confess that it is true that I violated the terms
and conditions of my probation and that the allegations in
the attached State's motion are true.

 

 I intend to enter a plea of true to the State's motion. 

 

 I understand that the prosecutor will recommend that I be
adjudicated guilty in this cause and my punishment should
be set at three years Texas Department of Criminal Justice
and I agree to that recommendation.

 

 As part of my agreement with the prosecutor to plead true,
I agree to waive any right to appeal I may have concerning
any issue or claim in this case, including my plea of true or
admission of guilt.


 Appellant wrote his initials beside each of the statements. After a hearing, the
trial court found to be true in each case the State's allegation that appellant had
violated the conditions of his community supervision, and found appellant guilty of
the original charges of evading arrest with a motor vehicle and aggravated assualt of
a family member. The trial court sentenced him to confinement for three years in
each case. Despite having waived the right to appeal, appellant filed a pro se notice
of appeal in each case.

 There is nothing in the record indicating that appellant's waiver of his right to
appeal in each case was not voluntarily, knowingly, and intelligently made. There is
also nothing indicating that the trial court gave its consent for an appeal in either case. 
In fact, the contrary is true. The trial court's judgment in each case is stamped,
"Appeal waived. No permission to appeal granted."

 A valid waiver of the right to appeal will prevent a defendant from appealing
without the consent of the trial court. Willis v. State, 121 S.W.3d 400, 403 (Tex.
Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). 
The record indicates that appellant's waiver of his right to appeal was voluntarily,
knowingly, and intelligently made. 

 Because the record in this case reflects that appellant's waiver of the right to
appeal in cause number 1105490 and cause number 1105489 were valid and that the
trial court did not consent to an appeal in either case, we dismiss the appeals in cause
number 1105490 and in cause number 1105489. 

 


 We dismiss any pending motions as moot.PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).