# NO. 12-08-00053-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAY CHARLES MILLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

After entering into a plea agreement, Ray Charles Miller pleaded guilty to "intoxicated" manslaughter and was sentenced to imprisonment for thirty-five years in accordance with the agreement. As a condition of his plea agreement, Appellant waived his right to appeal. He now seeks to appeal his conviction and sentence. We dismiss the appeal for want of jurisdiction.

### PROCEDURAL BACKGROUND

The clerk's record in this appeal includes a waiver of the right to appeal and the trial court's certification, which states that this is a plea agreement case, that Appellant has no right of appeal, and that Appellant has waived the right of appeal. Both documents are signed by the trial court, Appellant, and his trial counsel. On February 13, 2009, this court notified Appellant, pursuant to Texas Rule of Appellate Procedure 37.2, that the clerk's record received in this appeal shows that Appellant waived his right to appeal after sentence was imposed. Appellant was further notified that the appeal would be dismissed unless he established the jurisdiction of this court on or before February 23, 2009. In response to our February 13, 2009 notice, Appellant, acting pro se, filed a "Motion to Establish this Court's Jurisdiction of Appellant's Appeal," which he subsequently amended.

### PERMISSION TO APPEAL

In his amended motion, which we construe as a motion to retain this appeal, Appellant first urges that this court has jurisdiction of his appeal because the trial court gave him permission to appeal his sentence. In support of this contention, he refers us to the following portion of the trial court's admonishments at the plea hearing:

| [TRIAL COURT]: | Mr. Miller, in this case, you have rights to appeal. Notice of appeal must be given to the court in writing and timely filed, meaning filing written notice of appeal within 30 days from today's date, unless within 30 days, you file a motion for a new trial, in which event you have 90 days from today's date to file notice of appeal. |
|---|---|

This paragraph, when read in isolation, seems to support Appellant's position. However, the trial court proceeded further after informing Appellant of his right to appeal.

| [TRIAL COURT]: | In the event you cannot afford a lawyer for appeal, the Court would appoint one for you. |
|---|---|
| | Do you understand those rights? |
| [APPELLANT]: | Yes, I do. |
| THE COURT: | The Court has received from you as part of the plea papers—let me ask you, first of all, do you want to give the Court any notice of appeal today? |
| [APPELLANT]: | No. |
| THE COURT: | The Court has received from you a waiver of a motion for new trial, waiver of motion in arrest of judgment, and waiver of right to appeal. |
| | I've showed you this document before, but is that your signature on the waiver of your right to appeal, waiver of your right to file a motion for new trial, and waiver of your right to file an arrest of judgment? |
| [APPELLANT]: | Yes, it is. |
| THE COURT: | All right. Again, when you signed that document, had you read it yourself? |
| [APPELLANT]: | Yes, I did. |
| THE COURT: | Had you also gone over it with your attorney . . . , so he explained it to you? |
| [APPELLANT]: | Yes, I did. |

| | |
|---|---|
| THE COURT: | Do you understand that that document you have signed, which is also signed by your attorney, is a waiver of your right to appeal in the case? |
| | Do you understand that? |
| [APPELLANT]: | Yes, I do. |
| THE COURT: | Do you understand, by presenting it to the Court at this time, that you are telling the Court that in this case, you want to give up and waive your right to appeal? |
| | Do you understand that? |
| [APPELLANT]: | Yes, I do. |
| THE COURT: | Is that what you want to do? |
| [APPELLANT]: | Yes, I do. |
| THE COURT: | Has anyone in any way threatened you, coerced you, or promised you anything to get you to waive your right to appeal, waive your right to file a motion for new trial, and waive your right to file a motion in arrest of judgment? |
| [APPELLANT]: | No. |
| THE COURT: | Are you giving up and waiving the right to appeal, as well as the other rights set out in the waiver, freely, intelligently, knowingly, and voluntarily? |
| [APPELLANT]: | Yes, I am. |
| THE COURT: | The Court then will approve the waiver. The Court will order the waiver to be filed in the papers of the case. |

Based upon our reading of the entire admonishment, we cannot agree that the trial court gave Appellant permission to appeal his sentence. Therefore, this contention is without merit.

### WAIVER OF APPEAL

Appellant next contends that his brief contains issues that do not require permission of the trial court to appeal and may be appealed even though he pleaded guilty. Those issues, he asserts, are that (1) he was denied his Sixth Amendment right to represent himself, (2) the evidence was insufficient to support his guilty plea, and (3) he received ineffective assistance of counsel, which resulted in the involuntary entry of his guilty plea and a sentence for "a significant amount of time."

In a plea bargain case, a defendant may appeal only (1) those matters that were raised by

written motion filed and ruled on before trial and (2) those matters for which the trial court has given its permission. *See* TEX. R. APP. P. 25.2(2). When a defendant waives this limited right to appeal, he may appeal only if the trial court later gives its express permission. *See **Willis v. State***, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); ***Monreal v. State***, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Here, Appellant expressly waived his right to appeal under the terms of his plea agreement. The trial court certification does not indicate that he was given permission to appeal nor does the record. Therefore, Appellant's second contention is without merit.

Because we have determined that Appellant has waived his right to appeal, his motion to retain is overruled, and the appeal is ***dismissed for want of jurisdiction***. *See **Chavez v. State***, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

      BRIAN HOYLE   

Justice

Opinion delivered March 4, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)