NO. 12-08-00053-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RAY CHARLES MILLER,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


 After entering into a plea agreement, Ray Charles Miller pleaded guilty to "intoxicated"
manslaughter and was sentenced to imprisonment for thirty-five years in accordance with the
agreement. As a condition of his plea agreement, Appellant waived his right to appeal. He now
seeks to appeal his conviction and sentence. We dismiss the appeal for want of jurisdiction.


Procedural Background


 The clerk's record in this appeal includes a waiver of the right to appeal and the trial court's
certification, which states that this is a plea agreement case, that Appellant has no right of appeal,
and that Appellant has waived the right of appeal. Both documents are signed by the trial court,
Appellant, and his trial counsel. On February 13, 2009, this court notified Appellant, pursuant to
Texas Rule of Appellate Procedure 37.2, that the clerk's record received in this appeal shows that
Appellant waived his right to appeal after sentence was imposed. Appellant was further notified that
the appeal would be dismissed unless he established the jurisdiction of this court on or before
February 23, 2009. In response to our February 13, 2009 notice, Appellant, acting pro se, filed a
"Motion to Establish this Court's Jurisdiction of Appellant's Appeal," which he subsequently
amended. 

Permission to Appeal


 In his amended motion, which we construe as a motion to retain this appeal, Appellant first
urges that this court has jurisdiction of his appeal because the trial court gave him permission to
appeal his sentence. In support of this contention, he refers us to the following portion of the trial
court's admonishments at the plea hearing:


 [TRIAL COURT]: Mr. Miller, in this case, you have rights to appeal. Notice of appeal must
be given to the court in writing and timely filed, meaning filing written
notice of appeal within 30 days from today's date, unless within 30 days,
you file a motion for a new trial, in which event you have 90 days from
today's date to file notice of appeal.


This paragraph, when read in isolation, seems to support Appellant's position. However, the trial
court proceeded further after informing Appellant of his right to appeal. 

 

 [TRIAL COURT]: In the event you cannot afford a lawyer for appeal, the Court would
appoint one for you.

 

 Do you understand those rights?


 [APPELLANT]: Yes, I do.


 THE COURT: The Court has received from you as part of the plea papers--let me ask
you, first of all, do you want to give the Court any notice of appeal today?


 [APPELLANT]: No.


 THE COURT: The Court has received from you a waiver of a motion for new trial,
waiver of motion in arrest of judgment, and waiver of right to appeal.


 I've showed you this document before, but is that your signature on the
waiver of your right to appeal, waiver of your right to file a motion for
new trial, and waiver of your right to file an arrest of judgment?


 [APPELLANT]: Yes, it is.


 THE COURT: All right. Again, when you signed that document, had you read it
yourself?


 [APPELLANT]: Yes, I did.


 THE COURT: Had you also gone over it with your attorney . . . , so he explained it to
you?


 [APPELLANT]: Yes, I did.


 THE COURT: Do you understand that that document you have signed, which is also
signed by your attorney, is a waiver of your right to appeal in the case?


 Do you understand that?


 [APPELLANT]: Yes, I do.


 THE COURT: Do you understand, by presenting it to the Court at this time, that you are
telling the Court that in this case, you want to give up and waive your right
to appeal?


 Do you understand that?


 [APPELLANT]: Yes, I do.


 THE COURT: Is that what you want to do?


 [APPELLANT]: Yes, I do.


 THE COURT: Has anyone in any way threatened you, coerced you, or promised you
anything to get you to waive your right to appeal, waive your right to file
a motion for new trial, and waive your right to file a motion in arrest of
judgment?


 [APPELLANT]: No.


 THE COURT: Are you giving up and waiving the right to appeal, as well as the other
rights set out in the waiver, freely, intelligently, knowingly, and
voluntarily?


 [APPELLANT]: Yes, I am.


 THE COURT: The Court then will approve the waiver. The Court will order the waiver
to be filed in the papers of the case.


 Based upon our reading of the entire admonishment, we cannot agree that the trial court gave
Appellant permission to appeal his sentence. Therefore, this contention is without merit.


Waiver of Appeal


 Appellant next contends that his brief contains issues that do not require permission of the
trial court to appeal and may be appealed even though he pleaded guilty. Those issues, he asserts,
are that (1) he was denied his Sixth Amendment right to represent himself, (2) the evidence was
insufficient to support his guilty plea, and (3) he received ineffective assistance of counsel, which
resulted in the involuntary entry of his guilty plea and a sentence for "a significant amount of time."

 In a plea bargain case, a defendant may appeal only (1) those matters that were raised by
written motion filed and ruled on before trial and (2) those matters for which the trial court has given
its permission. See Tex. R. App. P. 25.2(2). When a defendant waives this limited right to appeal,
he may appeal only if the trial court later gives its express permission. See Willis v. State, 121
S.W.3d 400, 403 (Tex. Crim. App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App.
2003). Here, Appellant expressly waived his right to appeal under the terms of his plea agreement. 
The trial court certification does not indicate that he was given permission to appeal nor does the
record. Therefore, Appellant's second contention is without merit. 

 Because we have determined that Appellant has waived his right to appeal, his motion to
retain is overruled, and the appeal is dismissed for want of jurisdiction. See Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).




 BRIAN HOYLE 

 Justice



Opinion delivered March 4, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.










 





(DO NOT PUBLISH)