Opinion filed January 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00254-CR

                                                    __________

 

                                    TERRY
LANE LEE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR36839

 



 

                                            M
E M O R A N D U M    O P I N I O N

Pursuant to a plea bargain agreement, Terry Lane Lee pleaded guilty
to two first-degree felony counts of aggravated sexual assault of a child.  In
accordance with the plea bargain, the trial court accepted his
plea and sentenced him to confinement for a term of twenty-nine years in
the Institutional Division of the Texas Department of Criminal Justice on each
count with the sentences to run concurrently.  On appeal, appellant attempts to
set aside his conviction on the grounds that his trial counsel was ineffective
and that his plea was involuntary.  According to the record, however, appellant
waived his right to appeal, and the trial court did not grant him a right to
appeal.  Specifically, the trial court’s certifications of appellant’s right of
appeal indicated that it was a plea-bargain case and appellant has no right of
appeal and that appellant waived the right of appeal.  Therefore, we dismiss the
appeal.

On
December 1, 2011, the clerk’s office notified appellant in writing of the trial
court’s certifications and their consequences to his appeal.  Appellant was
requested to provide a written response by December 16, 2011, to continue the
appeal.  Appellant has filed numerous motions and responses since then claiming
that his appeal should be continued because it is meritorious.  

            In
connection with his guilty plea, appellant acknowledged in writing that he was
waiving his right to appeal the conviction under the terms of the plea bargain. 
He executed a “Waiver of Right to Appeal” in each count wherein he was
admonished in writing of his right to appeal the conviction and the right to
court-appointed counsel on appeal if he is indigent.  He agreed to “voluntarily,
knowingly and intelligently WAIVE AND GIVE UP [HIS] RIGHT TO APPEAL.”  Furthermore,
appellant acknowledged in writing that he was admonished by the trial court: 

[I]f the punishment
assessed by the Court does not exceed the punishment recommended by the State
and agreed to by me, the Court must give its permission to me before I may
prosecute an appeal on any matter in the case except for those matters raised
by written motion filed prior to trial which were ruled on by the Court.

 

The
record shows that appellant received the necessary admonishments about the
consequences of his plea, including the waiver of his right to appeal.  Both he
and his trial counsel signed the written admonishments and waivers of the right
to appeal, and the trial court accepted them.  When a defendant waives this
limited right to appeal, he may appeal only if the trial court later gives its
express permission. See Willis v. State, 121 S.W.3d 400, 403 (Tex. Crim.
App. 2003); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). 
Here, appellant expressly waived his right to appeal under the terms of his
plea agreement.  The trial court’s certifications do not indicate that he was
given permission to appeal, nor does the record.  As a result, we dismiss his
appeal.  

Furthermore, Tex.
R. App. P. 25.2(a)(2) provides as follows:

In a plea bargain
case–that is, a case in which a defendant’s plea was guilty . . . and the
punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant–a defendant may appeal only:

 

                 
(A) those matters that were raised by written motion filed and ruled on before trial,
or

 

     
(B) after getting the trial court’s permission to appeal.

 

The trial
court’s certifications indicate that appellant does not have a right of appeal because
he was sentenced pursuant to the agreed terms of a plea bargain and did not
satisfy either of the exceptions listed under Rule 25.2(a)(2).  We must dismiss
the appeal “without further action, regardless of the basis for the appeal” if
the trial court’s certifications show there is no right to appeal.  Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).   In such circumstances, no inquiry into even possibly meritorious claims may be made.  Id.

            Accordingly,
this appeal is dismissed.  All pending motions are dismissed as moot.

 

                                                                                    PER
CURIAM

 

January 12, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[1]

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.