**Opinion filed January 12, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00254-CR
_____

## TERRY LANE LEE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR36839**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain agreement, Terry Lane Lee pleaded guilty to two first-degree felony counts of aggravated sexual assault of a child. In accordance with the plea bargain, the trial court accepted his plea and sentenced him to confinement for a term of twenty-nine years in the Institutional Division of the Texas Department of Criminal Justice on each count with the sentences to run concurrently. On appeal, appellant attempts to set aside his conviction on the grounds that his trial counsel was ineffective and that his plea was involuntary. According to the record, however, appellant waived his right to appeal, and the trial court did not grant him a right to appeal. Specifically, the trial court's certifications of appellant's right of appeal indicated that it was a plea-bargain case and appellant has no right of appeal and that appellant waived the right of appeal. Therefore, we dismiss the appeal.

On December 1, 2011, the clerk's office notified appellant in writing of the trial court's certifications and their consequences to his appeal. Appellant was requested to provide a written response by December 16, 2011, to continue the appeal. Appellant has filed numerous motions and responses since then claiming that his appeal should be continued because it is meritorious.

In connection with his guilty plea, appellant acknowledged in writing that he was waiving his right to appeal the conviction under the terms of the plea bargain. He executed a "Waiver of Right to Appeal" in each count wherein he was admonished in writing of his right to appeal the conviction and the right to court-appointed counsel on appeal if he is indigent. He agreed to "voluntarily, knowingly and intelligently **WAIVE AND GIVE UP [HIS] RIGHT TO APPEAL**." Furthermore, appellant acknowledged in writing that he was admonished by the trial court:

> [I]f the punishment assessed by the Court does not exceed the punishment recommended by the State and agreed to by me, the Court must give its permission to me before I may prosecute an appeal on any matter in the case except for those matters raised by written motion filed prior to trial which were ruled on by the Court.

The record shows that appellant received the necessary admonishments about the consequences of his plea, including the waiver of his right to appeal. Both he and his trial counsel signed the written admonishments and waivers of the right to appeal, and the trial court accepted them. When a defendant waives this limited right to appeal, he may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Here, appellant expressly waived his right to appeal under the terms of his plea agreement. The trial court's certifications do not indicate that he was given permission to appeal, nor does the record. As a result, we dismiss his appeal.

Furthermore, TEX. R. APP. P. 25.2(a)(2) provides as follows:

> In a plea bargain case–that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only:
>
> > (A) those matters that were raised by written motion filed and ruled on before trial, or
> >
> > (B) after getting the trial court's permission to appeal.

2

The trial court's certifications indicate that appellant does not have a right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions listed under Rule 25.2(a)(2). We must dismiss the appeal "without further action, regardless of the basis for the appeal" if the trial court's certifications show there is no right to appeal. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). In such circumstances, no inquiry into even possibly meritorious claims may be made. *Id*.

Accordingly, this appeal is dismissed. All pending motions are dismissed as moot.

PER CURIAM

January 12, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.