Opinion filed January 11,
2013

 

                                                                       In The           

             Eleventh Court of Appeals

                                           __________

 

                                    No. 11-12-00278-CR

                                                        _________

 

                                  SENDY
MARQUEZ DIAZ, Appellant

                                                               V.

                                         STATE OF TEXAS,
Appellee



 

                                      On Appeal from
the 70th District Court

                                                             Ector
County, Texas

                                                   Trial
Court Cause No. A-37,420

 



 

                                             M
E M O R A N D U M   O P I N I O N

Appellant,
Sendy Marquez Diaz, filed a notice of appeal from a judgment convicting her  of
the offense of possession of less than one gram of cocaine, a controlled
substance.  Based upon a plea bargain agreement, appellant stipulated to the
evidence and entered a plea of guilty to the offense, and the trial court
assessed punishment in accordance with the agreement at confinement in the
county jail for 111 days, a driver’s license suspension, and a fine of $500.  We
dismiss the appeal.

By
letter dated October 30, 2012, this court notified the parties, the district
clerk, and the trial court that the clerk’s record did not contain a
certification of appellant’s right of appeal as required by Tex. R. App. P. 25.2.  This court
requested that a certification be sent to this court in a supplemental clerk’s
record on or before November 14, 2012.  No certification of appellant’s right
of appeal has been received.  Appellant’s attorney informed this court that,
“in a plea bargained case where the result of the plea is deferred
adjudication,” as in this case, a certification is generally not prepared.  The
clerk’s record in this case confirms that appellant entered into a plea bargain,
pleaded guilty, and was sentenced in accordance with the terms of the plea
bargain agreement.  The record shows that there were no rulings on pretrial
motions and that the trial court has not granted permission to appeal.  See
Rule 25.2(a)(2).  Thus, appellant has no right to appeal.  See Rule
25.2(a)(2), (d).

Furthermore,
the record shows that appellant was aware that her plea bargain would result in
a waiver of her right to appeal and that appellant specifically waived her
right to appeal.   When a defendant waives her right to appeal, she may appeal
only if the trial court later gives its express permission.  See Willis v.
State, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); Monreal v. State,
99 S.W.3d 615, 622 (Tex. Crim. App. 2003).  Nothing in the record indicates
that appellant was given permission to appeal.  Because appellant waived her
right to appeal and because appellant’s appeal is prohibited by Rule 25.2, we
must dismiss this appeal without further action.  Rule 25.2(d); Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

            Accordingly,
the appeal is dismissed.

 

                                                                                                PER
CURIAM

 

January 11, 2013

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of: Wright, C.J.,

McCall, J., and Willson, J.