**Opinion filed January 11, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00278-CR

_____

## SENDY MARQUEZ DIAZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,420**

### M E M O R A N D U M   O P I N I O N

Appellant, Sendy Marquez Diaz, filed a notice of appeal from a judgment convicting her of the offense of possession of less than one gram of cocaine, a controlled substance. Based upon a plea bargain agreement, appellant stipulated to the evidence and entered a plea of guilty to the offense, and the trial court assessed punishment in accordance with the agreement at confinement in the county jail for 111 days, a driver's license suspension, and a fine of $500. We dismiss the appeal.

By letter dated October 30, 2012, this court notified the parties, the district clerk, and the trial court that the clerk's record did not contain a certification of appellant's right of appeal as required by TEX. R. APP. P. 25.2. This court requested that a certification be sent to this court in

a supplemental clerk's record on or before November 14, 2012. No certification of appellant's right of appeal has been received. Appellant's attorney informed this court that, "in a plea bargained case where the result of the plea is deferred adjudication," as in this case, a certification is generally not prepared. The clerk's record in this case confirms that appellant entered into a plea bargain, pleaded guilty, and was sentenced in accordance with the terms of the plea bargain agreement. The record shows that there were no rulings on pretrial motions and that the trial court has not granted permission to appeal. *See* Rule 25.2(a)(2). Thus, appellant has no right to appeal. *See* Rule 25.2(a)(2), (d).

Furthermore, the record shows that appellant was aware that her plea bargain would result in a waiver of her right to appeal and that appellant specifically waived her right to appeal. When a defendant waives her right to appeal, she may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Nothing in the record indicates that appellant was given permission to appeal. Because appellant waived her right to appeal and because appellant's appeal is prohibited by Rule 25.2, we must dismiss this appeal without further action. Rule 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, the appeal is dismissed.

PER CURIAM

January 11, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.