

# Fourth Court of Appeals
## San Antonio, Texas

January 25, 2019

No. 04-19-00017-CR

John Ray **THATCHER,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0442
Honorable Jefferson Moore, Judge Presiding

# O R D E R

Appellant entered into a plea bargain with the State, pursuant to which he pled nolo contendere to evading arrest. As part of his plea bargain, appellant signed a separate "Waiver of Appeal" that states:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

Although the written plea agreement states appellant and the State agreed to a five-year sentence, the reporter's record of the sentencing hearing establishes the parties agreed to alter the agreement, amending the agreement to a seven-year sentence because appellant "picked up some new offenses while he was pending the PSI." The trial court caused a supplemental clerk's record to be filed in this court establishing the amendment of the plea agreement. The supplemental clerk's record includes a letter from the trial court explaining the amended sentence and a partial copy of the reporter's record from the sentencing hearing establishing the amended terms of the plea agreement.

The trial court imposed sentence in accordance with the amended agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and the original written plea bargain agreement, has been filed, as has the supplemental clerk's record with the documents described above. *See id.* R. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record, coupled with the supplemental clerk's record, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Ordinarily, "[i]n a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* R. 25.2(a)(2). However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Neither clerk's record nor the supplemental clerk's record indicates the trial court gave appellant permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case, appellant does not have a right to appeal, and appellant waived any limited right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless written consent to appeal and an amended certification showing that appellant has the right to appeal is made part of the appellate record on or before **February 25, 2019**. *See* TEX. R. APP. P. 25.2(d); *id.* R. 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on all counsel and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court