

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-18-00895-CR

Howard **POSTELLE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR1763
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: February 13, 2019

DISMISSED

After entering into a plea bargain agreement with the State, Howard Postelle pled nolo contendere to possession of a controlled substance. The written plea bargain agreement contains a paragraph entitled "Waiver of Appeal" which states:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the

prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The waiver is signed by Postelle and his trial counsel.

The clerk's record shows the trial court imposed sentence in accordance with the plea bargain agreement and signed a certification stating this case "is one in which the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record further shows the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Postelle.

Ordinarily, "[i]n a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id*. However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The judgment in this case shows the trial court denied Postelle permission to appeal. Therefore, the trial court's certification appears to accurately reflect that this is a plea bargain case, that Postelle does not have a right to appeal, and that he waived any limited right to appeal. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

In a criminal case, we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). On December 27, 2018, we issued an order notifying Postelle that this appeal would be dismissed unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record by January 22, 2019. An amended certification showing Postelle has the right to

appeal has not been filed. Additionally, Postelle has not responded to our order, and nothing in the record indicates Postelle was granted permission to appeal. This appeal is therefore dismissed.

PER CURIAM

DO NOT PUBLISH