Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00846-CR

Mark Anthony **LOPEZ**, A/K/A Marco A. Lopez,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-5889
Honorable Mary Roman, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
            Steven C. Hilbig, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   February 11, 2009

DISMISSED

Pursuant to a plea bargain, Mark Anthony Lopez pleaded nolo contendere to driving while intoxicated. As part of his plea-bargain, Lopez signed a separate "Waiver of Appeal" that states:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Lopez timely filed a notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Ordinarily, "[i]n a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The clerk's record does not indicate the trial court gave Lopez permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case, Lopez does not have a right to appeal, and Lopez waived any limited right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On December 18, 2008, we gave Lopez notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing he has the right to appeal were signed by the trial judge and made part of the appellate record by January 20, 2009. *See* TEX. R.

APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing Lopez has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

Do not publish