Opinion filed August 31,
2012

 

                                                                       In The           

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-12-00225-CR & 11-12-00226-CR

                                                    __________

 

                          STEVEN
ARNOLD LAMBERT, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

                                                            Taylor
County, Texas

                                          Trial Court
Cause Nos. 18299B & 18298B

 



 

                                            M
E M O R A N D U M   O P I N I O N

Appellant,
Steven Arnold Lambert, filed pro se notices of appeal from two convictions for
burglary of a habitation.  Based upon a plea bargain agreement entered in each
case, appellant stipulated to the evidence and entered a plea of guilty to the
offense and a plea of true to the enhancement allegation, and the trial court
assessed his punishment in each case at confinement for thirty years, with the
sentences to run concurrently.  We dismiss the appeals.  

This
court notified appellant in Cause No. 11-12-00225-CR by letter dated August 10,
2012, that the trial court had certified that appellant had no right of appeal
and that appellant had waived his right of appeal. See Tex. R. App. P. 25.2(a)(2), (d). We
subsequently notified appellant by letter dated August 16, 2012, that the trial
court’s certification of appellant’s right of appeal in Cause No.
11-12-00226-CR indicated that appellant had waived his right of appeal.  We
requested that appellant respond and show grounds to continue the appeals.  Appellant
has filed a pro se response stating that he has asked the trial court for
permission to appeal these convictions and also that the trial court never
heard appellant’s pretrial motions.  Appellant’s counsel has filed a response in
each cause indicating that he “know[s] of no legal grounds to support an
appeal.”  Counsel points out that there were no rulings on pretrial motions and
that appellant was aware that his plea bargain would result in a waiver of his
right to appeal unless the trial court specifically granted permission to
appeal.  See Rule 25.2(a)(2). 

In
each case, appellant entered into a plea bargain agreement.  The documents on
file in each case show that appellant was informed that he could not prosecute
an appeal unless the trial court gave its permission.  In Cause No.
11-12-00226-CR, the trial court’s certification shows that appellant waived his
right of appeal.  In Cause No. 11-12-00225-CR, the trial court originally
certified that this “is not a plea-bargain case, and the defendant has the
right of appeal.”  The trial court subsequently entered an amended
certification in our Cause No. 11-12-00225-CR indicating that this “is a plea
bargain case, and the defendant has NO right of appeal” and that “the defendant
has waived the right of appeal.”  Also, by letter dated August 9, 2012, the
trial court notified this court that appellant “waived his rights of appeal at
the time of the plea in both cases.”  The documents on file in this court,
including the judgments and the plea agreements, support the trial court’s
certification in Cause No. 11-12-00226-CR and the amended certification in
Cause No. 11-12-00225-CR and show that these certifications are not defective. 
See Dears v. State, 154 S.W.3d 610 (Tex. Crim. App. 2005).  

Furthermore,
when a defendant waives his right to appeal, he may appeal only if the trial
court later gives its express permission.  See Willis v. State, 121
S.W.3d 400, 403 (Tex. Crim. App. 2003); Monreal v. State, 99 S.W.3d 615,
622 (Tex. Crim. App. 2003).  The trial court’s certifications indicate that appellant
was not given permission to appeal.  Because appellant waived his right to
appeal in each cause and because appellant’s appeals are prohibited by Rule 25.2,
we must dismiss these appeals without further action.  Rule 25.2(d); Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  

            Accordingly,
the appeals are dismissed.  

                                                                                                            

August 31, 2012                                                                                 PER
CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.