**Opinion filed August 31, 2012**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00225-CR & 11-12-00226-CR

_____

## STEVEN ARNOLD LAMBERT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 18299B & 18298B**

### M E M O R A N D U M   O P I N I O N

Appellant, Steven Arnold Lambert, filed pro se notices of appeal from two convictions for burglary of a habitation. Based upon a plea bargain agreement entered in each case, appellant stipulated to the evidence and entered a plea of guilty to the offense and a plea of true to the enhancement allegation, and the trial court assessed his punishment in each case at confinement for thirty years, with the sentences to run concurrently. We dismiss the appeals.

This court notified appellant in Cause No. 11-12-00225-CR by letter dated August 10, 2012, that the trial court had certified that appellant had no right of appeal and that appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We subsequently notified appellant by letter dated August 16, 2012, that the trial court's certification of appellant's right of appeal in Cause No. 11-12-00226-CR indicated that appellant had waived his right of appeal. We requested that appellant respond and show grounds to continue the appeals. Appellant has

filed a pro se response stating that he has asked the trial court for permission to appeal these convictions and also that the trial court never heard appellant's pretrial motions. Appellant's counsel has filed a response in each cause indicating that he "know[s] of no legal grounds to support an appeal." Counsel points out that there were no rulings on pretrial motions and that appellant was aware that his plea bargain would result in a waiver of his right to appeal unless the trial court specifically granted permission to appeal. *See* Rule 25.2(a)(2).

In each case, appellant entered into a plea bargain agreement. The documents on file in each case show that appellant was informed that he could not prosecute an appeal unless the trial court gave its permission. In Cause No. 11-12-00226-CR, the trial court's certification shows that appellant waived his right of appeal. In Cause No. 11-12-00225-CR, the trial court originally certified that this "is not a plea-bargain case, and the defendant has the right of appeal." The trial court subsequently entered an amended certification in our Cause No. 11-12-00225-CR indicating that this "is a plea bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal." Also, by letter dated August 9, 2012, the trial court notified this court that appellant "waived his rights of appeal at the time of the plea in both cases." The documents on file in this court, including the judgments and the plea agreements, support the trial court's certification in Cause No. 11-12-00226-CR and the amended certification in Cause No. 11-12-00225-CR and show that these certifications are not defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

Furthermore, when a defendant waives his right to appeal, he may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The trial court's certifications indicate that appellant was not given permission to appeal. Because appellant waived his right to appeal in each cause and because appellant's appeals are prohibited by Rule 25.2, we must dismiss these appeals without further action. Rule 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, the appeals are dismissed.

August 31, 2012                                                                 PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

2