**Opinion filed March 14, 2013**



# In The

# Eleventh Court of Appeals

———————

### Nos. 11-13-00024-CR, 11-13-00025-CR, & 11-13-00026-CR

———————

## MICHAEL MANUEL PEREZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 18416B, 18433B, 18434B**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain agreement, Michael Manuel Perez pleaded guilty to one offense of possession of cocaine and two offenses of forgery. In accordance with the plea bargain, the trial court accepted his pleas and sentenced him to confinement for terms of ten years in the Institutional Division of the Texas Department of Criminal Justice on the drug offense and on one of the forgery offenses and a term of two years in the State Jail Division of the Texas Department of Criminal Justice for the other forgery offense with the sentences to run concurrently. Appellant has filed pro se notices of appeal in each of the convictions. After a review of the files in these cases, this court notified appellant by letter dated March 1, 2013, that

the trial court had certified that appellant had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeals. Appellant has responded and requests that his appeals be continued based upon numerous allegations, including ineffective assistance of counsel, violations of his due process rights, and the involuntariness of his pleas. We dismiss the appeals.

The clerk's records indicate that Appellant entered into a plea bargain agreement with the State on the three offenses and that he pleaded guilty to them. The trial court assessed punishment pursuant to the terms of the plea bargain on each offense. Rule 25.2(a)(2) provides as follows:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

The trial court's certifications indicate that Appellant does not have a right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions listed under Rule 25.2(a)(2). Thus, the trial court's certification on each offense is supported by the record and is not defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). We must dismiss the appeals without further action regardless of the basis for the appeals if the trial court's certifications show there is no right of appeal. Rule 25.2(d)*; Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). In such circumstances, no inquiry into even possibly meritorious claims may be made. *Chavez*, 183 S.W.3d at 680.

Furthermore, Appellant acknowledged in writing that he was waiving his right to appeal the convictions under the terms of the plea bargain. Specifically, appellant executed written plea memorandums wherein he agreed as follows: "As part of this sentence I agree to waive any right to appeal." The record shows that Appellant received the necessary admonishments about the consequences of his pleas, including the waiver of his right to appeal. Both he and his trial counsel signed the written admonishments and waivers of the right to appeal, and the trial court accepted them. When a defendant waives this limited right to appeal, he may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex.

2

Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Here, Appellant expressly waived his right to appeal under the terms of his plea agreements. The trial court's certifications do not indicate that Appellant was given permission to appeal, nor does the record.

Accordingly, these appeals are dismissed.


PER CURIAM


March 14, 2013

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

3