Opinion filed August 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00235-CR

_____

## STEVEN HAMILTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 244th District Court

Ector County, Texas

Trial Court Cause No. C-37,598

## M E M O R A N D U M   O P I N I O N

Appellant, Steven Hamilton, pleaded guilty to the offense of felon in possession of a firearm, and the trial court assessed punishment pursuant to the terms of a plea bargain at confinement for two years in the Texas Department of Criminal Justice, Institutional Division. We dismiss the appeal.

This court notified Appellant by letter dated August 13, 2013, that the Trial Court's Certification of Defendant's Right of Appeal indicated that Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response in which he asserts that he has a right to appeal matters that were raised in a written, pretrial motion filed and ruled on before trial. *See* TEX. R. APP. P. 25.2(a)(2)(A).

Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment does not exceed the punishment agreed to in the plea bargain, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." Rule 25.2(a)(2)(A), however, does not control the outcome in this case because Appellant affirmatively waived his right to appeal. Attached to the trial court's certification, which indicated that Appellant had waived his right of appeal, was a document entitled in part "WAIVER OF RIGHT TO APPEAL," which was signed by Appellant, his trial counsel, and the judge of the trial court. In that document, Appellant affirmed that, although he had been informed of his right to appeal matters raised in a pretrial motion, he was waiving his right to appeal or file a motion for new trial. The document reads in relevant part: "I . . . voluntarily, knowingly and intelligently WAIVE MY RIGHT TO APPEAL." The trial court determined that Appellant's waiver was made knowingly and voluntarily and that Appellant understood the consequences of his waiver.

The trial court's certification, which was also signed by Appellant and his trial counsel, shows that Appellant waived his right of appeal. The documents on file in this court support the trial court's certification and show that the certification is not defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

Furthermore, when a defendant waives his right to appeal, he may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The trial court's certification indicates that Appellant was not given permission to appeal. Because Appellant waived his right to appeal in this cause and because the trial court has certified that Appellant has no right of appeal, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

August 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.