

# Fourth Court of Appeals
## San Antonio, Texas

February 14, 2014

No. 04-14-00094-CR

Joshua Joel **LALUZ**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1397A
Honorable Sid L. Harle, Judge Presiding

## O R D E R

Appellant entered into a plea bargain with the State, pursuant to which appellant pleaded guilty to the offense of human trafficking of a person under the age of eighteen for the purpose of prostitution.  As part of his plea bargain, appellant signed a separate "Waiver of Appeal" that states:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant filed a pro se notice of appeal.[1]  The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed.  *See* TEX. R. APP. P. 25.2(d).  This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

---

[1] The notice of appeal was due January 2, 2014, but was not filed until January 6, 2014.  However, the notice was filed within the fifteen-day deadline for filing a motion for extension of time to file a notice of appeal.  Moreover, it is likely the pro se notice was mailed.

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Ordinarily, "[i]n a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The clerk's record does not indicate the trial court gave appellant permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case, appellant does not have a right to appeal, and appellant waived any limited right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless written consent to appeal and an amended certification showing that appellant has the right to appeal is made part of the appellate record on or before **March 17, 2014**. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court