

# Fourth Court of Appeals
## San Antonio, Texas

December 29, 2014

No. 04-14-00877-CR

Manuel G. **MUNOZ**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR2011
Honorable Lori I. Valenzuela, Judge Presiding

# O R D E R

Manuel Munoz entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to the offense of failing to stop and render aid. As part of his plea bargain, Munoz signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the agreement on October 17, 2014, and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Munoz did not file a motion for new trial.

On December 15, 2014, Munoz filed a notice of appeal. He did not file a motion for extension of time to file the notice of appeal. *See* Tex. R. App. P. 26.2(a)(1), 26.3 (stating notice of appeal is due within thirty days after sentence is imposed in open court and motion for extension of time is due within fifteen days after deadline for filing notice of appeal).

The clerk's record also includes the trial court's Rule 25.2(a)(2) certification and the written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Ordinarily, "[i]n a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The clerk's record reflects the trial court denied permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case, Munoz does not have a right to appeal, and he waived any limited right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Munoz is given notice that this appeal will be dismissed unless, by **January 19, 2015**, (1) Munoz files a response establishing that the notice of appeal was timely filed and (2) the trial court's written permission to appeal and an amended certification showing that Munoz has the right to appeal are made part of the appellate record. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction); TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed.

We **order** all appellate deadlines are suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of December, 2014.

Keith E. Hottle
Clerk of Court