

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00894-CR

Domingo **TAMAYO**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0676
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:       Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: December 19, 2018

DISMISSED

Appellant, Domingo Tamayo Jr., entered into a plea bargain with the State, and pled nolo

contendere to three counts of aggravated assault of a child. The plea bargain contains a separate

"Waiver of Appeal" that states:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the

prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Tamayo timely filed a notice of appeal. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Ordinarily, "[i]n a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). This court gave appellant notice that the appeal would be dismissed unless the trial court granted permission to appeal and an amended trial court certification showing appellant has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed counsel has filed a written response, stating the trial court denied a request to amend the certification and counsel is unable to demonstrate appellant has a right of appeal. After reviewing

the record and counsel's notice, we agree appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH